**Maria CALDERON–MIJANGO, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 09–72204.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2011.\*

Filed March 14, 2011.

Maria Concepcion Calderon–Mijango, Santa Ana, CA, pro se.

Paul Fiorino, Senior Litigation Counsel, Seth A. Director, Trial, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: FARRIS, O'SCANNLAIN and BYBEE, Circuit Judges.

## MEMORANDUM **

Maria Calderon–Mijango, a native and

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

citizen of El Salvador, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir.2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir.2004). We review for substantial evidence factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir. 2006). We grant in part and deny in part the petition for review and we remand.

We recently held that the BIA could not reject "all women in Guatemala" as a particular social group solely because it was overly broad and internally diverse. *See Perdomo v. Holder*, 611 F.3d 662, 669 (9th Cir.2010) (remanding for further proceedings). Here, the IJ similarly rejected Calderon–Mijango's social group consisting of women in El Salvador as "too large and internally diverse." We grant Calderon–Mijango's petition for review with respect to her asylum and withholding of removal claims and remand for the BIA to reconsider the claims in light of *Perdomo*. *See INS v. Ventura*, 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

Substantial evidence supports the IJ's denial of CAT relief because Calderon–Mijango failed to establish it is more likely than not she will be tortured by or with the acquiescence of the government of El Salvador. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir.2008).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**